CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 10, 2026
LAURA A. AUSTIN, CLERK
BY: /s/L. Ayers
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RADIOLOGY ASSOCIATES OF ROANOKE, P.C., *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 7:26-cv-00527 |
| OPTUM, INC., *et al.*, | By: Elizabeth K. Dillon<br>Chief United States District Judge |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION TO STAY**

This suit is part of nationwide litigation alleging damages stemming from a February 2024 cyberattack on defendant Change Healthcare, Inc. Defendants Optum, Inc., Change Healthcare, Inc., and UnitedHealth Group, Inc. move to stay this case in its entirety pending a decision by the Judicial Panel on Multidistrict Litigation (JPML) on whether to transfer this matter to the federal multidistrict litigation (MDL) captioned *In re: Change Healthcare, Inc., Customer Data Security Breach Litigation*, No. 024-md-03108 (D. Minn.). (Dkt. No. 11.) If transfer to the MDL is denied by the JPML, defendants request a stay of their responsive-pleading deadline until the later of the current deadline, October 13, 2026, or 30 days after the JPML enters an order denying transfer. (Br. Supp. Mot. to Stay 2, Dkt. No. 12.) Plaintiffs Radiology Associates of Roanoke, P.C. and Montgomery Radiology Associates, Inc. respond that, because defendants "identify no imminent duplication, present hardship, or basis for a further extension if transfer is denied," the court should deny defendants' motion. (Opp'n to Mot. to Stay 1–2, Dkt. No. 16.)

I. BACKGROUND

A limited recitation of the procedural background is necessary to frame the issue before

the court. On June 30, 2026, plaintiffs filed their complaint in this court. (Dkt. No. 1.) The parties agreed to extend defendants' responsive-pleading deadline until October 13, 2026. (Dkt. Nos. 8–10; Opp'n to Mot. to Stay 1.) On July 3, 2026, defendants filed a notice of potential tag-along to the MDL with the JPML. *In re: Change Healthcare, Inc., Customer Data Security Breach Litigation*, No. 024-md-03108, ECF No. 680. On July 8, 2026, the JPML issued a Conditional Transfer Order (CTO) directing that the action be transferred to the MDL provided that no party file an opposition to transfer within seven days. *Id.* ECF No. 681. Plaintiffs filed a timely opposition on July 15, 2026, *id.* ECF No. 686, followed by a motion to vacate on July 29, 2026, *id.* ECF No. 691. The JPML will consider the matter without oral argument at its hearing on September 24, 2026. *See JPML Notice of Hearing Session* (Aug. 14, 2026), https://www.jpml.uscourts.gov/sites/jpml/files/Hearing%20Session%20Filed_September%202026.pdf. Now pending before this court is defendants' ripe motion to stay proceedings pending the JPML's determination whether to transfer this case to the MDL.

## II. ANALYSIS

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (citations omitted). This inherent power extends to determining whether to grant a motion to stay pending the JPML's decision on a party's opposition to a CTO. *See, e.g.*, *Robinson v. DePuy Orthopaedics, Inc.*, No. 3:12-cv-00003, 2012 WL 831650, at *2 (W.D. Va. Mar. 6, 2012) (granting motion to stay pending the JPML's decision on the plaintiffs' opposition to CTO); *Pagliara v. Fed. Home Loan Mortg. Corp.*, No. 1:16-cv-337, 2016 WL 2343921, at *1–3 (E.D. Va. May 4, 2016) (granting motion to stay pending the JPML's decision on transfer and collecting cases doing same); *Moore v. Wyeth-Ayerst Lab'ys*, 236 F. Supp. 2d 509, 511–12 (D.

Md. 2002) (granting motion to stay and defer ruling on motion to remand pending the JPML's resolution of the defendant's motion to transfer to MDL).

When determining whether to stay proceedings, courts must "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (citation omitted). Courts consider factors such as: (1) "the length of the requested stay;" (2) "the hardship that the movant would face if the motion were denied;" (3) "the burden a stay would impose on the nonmovant;" and (4) "whether the stay would promote judicial economy by avoiding duplicative litigation." *Walker v. New England Pharmacy, Inc.*, Nos. 7:12-cv-564, 7:12-cv-615, 2013 WL 1871343, at *3 (W.D. Va. May 3, 2013) (quoting *In re Mut. Funds Inv. Litig.*, MDL No. 1586, 2011 WL 1540134, at *1 (D. Md. Apr. 20, 2011)); *accord City of Galax v. Purdue Pharma, L.P.*, No. 7:18-cv-00617, 2019 WL 653010, at *3 (Feb. 14, 2019) (citation omitted).

Applying those factors here, and as to the first factor, the length of the stay requested is relatively brief—lasting only until the JPML resolves plaintiffs' motion to vacate the CTO. And, as defendants point out, the JPML's decision on that motion should be issued shortly after the September 24, 2026 hearing. In such circumstances, the length of the stay requested is negligible.

Regarding the second factor, defendants will face hardship, albeit minimal hardship, if the stay were denied. True, this case is in its early stages. As plaintiffs note, "[n]o discovery is pending, no hearing is scheduled, and no substantive motion is before the" court. (Opp'n to Mot. to Stay 3.) The court disagrees, however, with plaintiffs' assertion that there is no "present hardship that warrants a stay." (*Id.*) Indeed, although there may not be a deadline before the JPML rules, absent a stay defendants may have to do work relevant to the litigation in this court before the JPML issues its decision. Indeed, without a stay, defendants would have

approximately a month to file responsive pleadings. The burden defendants would face if the stay were denied is slight, but it is a burden nonetheless.

Regarding the third factor, the court concludes that plaintiffs will be burdened by a stay insofar as an extension of defendants' responsive-pleading deadline if the JPML denies transfer to the MDL will inevitably delay litigation before this court. The court anticipates, however, that any such delay would be minor.

As for the fourth factor, a stay would tend to promote judicial economy by avoiding duplicative work. Although, as defendants chronicle, the JPML typically issues its decisions promptly, decisions are sometimes delayed a few days. (Br. Supp. Mot. to Stay 4 n.2.) If the case is not stayed, preliminary proceedings will continue. The court will have to expend judicial resources to monitor filings and potentially the commencement of discovery. Even without any pending motions requiring the court's decision, interests of judicial economy favor staying the litigation. On balance, these factors weigh in favor of granting defendants' motion to stay.

Plaintiffs cite two out-of-circuit cases that they suggest counsel against granting a stay where "the requested stay would primarily serve to postpone the moving party's obligation to respond to the complaint rather than alleviate any concrete litigation burden." (Opp'n to Mot. to Stay 2 (citing *Barber v. BP, PLC*, No. 10-0263-WS-B, 2010 WL 2266760 (S.D. Ala. June 4, 2010); *Shemper v. B.P. Am., Inc.*, No. 2:10cv138-KS-MTP, 2010 WL 2867849 (S.D. Miss. July 19, 2010)). Defendants contend that these cases are inapposite because the respective motions to stay were denied *before* the JPML had decided to create an MDL. (Reply to Opp'n to Mot. to Stay 2, Dkt. No. 17.) The court agrees with defendants.

Although the courts denied the motions to stay as premature in *Barber* and *Shemper*, they did so prior to the JPML creating the related MDL. *Barber*, 2010 WL 2266760, at *1 (noting that the JPML had not yet ruled on motions to transfer related cases to a single district court for

consolidated proceedings); *Shemper*, 2010 WL 2867849, at *1 n.1 (citing the pending motions to transfer before the JPML "which seek to centralize more than 100 actions"). Here, the JPML has already created the MDL to which defendants seek to transfer this case. In such circumstances, the litigation burden is more concrete and a stay is warranted.

III. CONCLUSION AND ORDER

For these reasons, it is hereby ORDERED that defendants' motion to stay (Dkt. No. 11) is GRANTED and this case is administratively STAYED pending a decision by the Judicial Panel on Multidistrict Litigation on whether to transfer this matter to the federal multidistrict litigation captioned *In re: Change Healthcare, Inc., Customer Data Security Breach Litigation*, No. 024-md-03108 (D. Minn.).

The stay shall automatically terminate and dissolve upon the JPML's issuance of its decision on whether to transfer this matter to the MDL pending in the U.S. District Court for the District of Minnesota, No. 024-md-03108, without further action by the parties or the court. If the JPML denies defendants' motion to transfer to the MDL, defendants shall file their responsive pleading by the later of October 13, 2026, or thirty (30) days after the JPML issues its order denying transfer.

The clerk is directed to provide copies of this order to all counsel of record.

Entered: September 10, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge